IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| MICHAEL J. ATKINSON, | § | |
| | § | No. 626, 2015 |
| Defendant Below- | § | |
| Appellant, | § | |
| | § | |
| v. | § | Court Below—Superior Court |
| | § | of the State of Delaware |
| STATE OF DELAWARE, | § | |
| | § | Cr. ID 1407018228 |
| Plaintiff Below- | § | |
| Appellee. | § | |

Submitted: August 11, 2016
Decided: October 17, 2016

Before **HOLLAND**, **VALIHURA**, and **VAUGHN**, Justices.

## O R D E R

This 17th day of October 2016, upon consideration of the appellant's opening brief, the State's motion to affirm, and the record below, it appears to the Court that:

(1) The appellant, Michael Atkinson, filed this appeal from the Superior Court's denial of his first motion for postconviction relief. The State has filed a motion to affirm the judgment below on the ground that it is manifest on the face of Atkinson's opening brief that his appeal is without merit. We agree and affirm the Superior Court's judgment.

(2) The record reflects that Atkinson pled guilty on March 25, 2015 to Assault in the First Degree and Possession of a Deadly Weapon During

the Commission of a Felony. The charges carried a combined sentencing range of four years minimum mandatory to fifty years maximum. In exchange for his guilty plea, the State agreed to cap its sentence recommendation to eight years at Level V incarceration. On June 24, 2015, the Superior Court sentenced Atkinson to thirty-one years at Level V imprisonment, to be suspended after serving four years in prison for decreasing levels of supervision. Atkinson did not file a direct appeal.

(3) Instead, on July 25, 2015, Atkinson filed a motion for postconviction relief. He asserted that his trial counsel was ineffective for failing to zealously represent him and for coercing him into pleading guilty by falsely telling him that his family wanted him to accept the plea agreement. The Superior Court summarily dismissed Atkinson's petition on October 23, 2015. This appeal followed.

(4) In his opening brief on appeal, Atkinson argues that his trial counsel was ineffective and that the Superior Court should have appointed a different lawyer to represent him.

(5) To support a claim of ineffective assistance of counsel following the entry of a guilty plea, a defendant must demonstrate that: (a) counsel's conduct fell below an objective standard of reasonableness; and (b) there is a reasonable probability that, but for counsel's errors, the

2

defendant would not have pled guilty but would have insisted on going to trial.[1] A defendant must make concrete allegations of cause and actual prejudice to substantiate a claim of ineffective assistance of counsel.[2] Atkinson essentially argues in this case that his counsel was ineffective for coercing him into entering a plea and for failing to adequately investigate his case.

(6) The record in this case belies Atkinson's claims. Atkinson stated under oath at his plea colloquy that he was satisfied with his counsel's representation. He indicated that he fully understood the charges against him and the consequences of pleading guilty. He stated that he was pleading guilty because he was satisfied that the State had sufficient evidence to prove him guilty of the charged offenses. He also stated, among other things, that no one had threatened him or coerced him into pleading guilty. In the absence of clear and convincing evidence to the contrary, Atkinson is bound by these statements.[3] We thus reject Atkinson's claims that his guilty plea was involuntary due to his counsel's coercion and/or ineffective assistance.

---

[1] *Hill v. Lockhart*, 474 U.S. 52, 58 (1985).
[2] *Younger v. State*, 580 A.2d 552, 556 (Del. 1980).
[3] *Somerville v. State*, 703 A.2d 629, 632 (Del. 1997).

NOW, THEREFORE, IT IS ORDERED that the motion to affirm is GRANTED and the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

/s/ Karen L. Valihura
Justice

4